IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01196-BNB

NATHAN JERARD DUNLAP,
MATTHEW FRANSISCO ALFARO, and
RYAN MERRITT,

        Plaintiffs,

v.

ARISTEDES ZAVARAS, individually, and in his official capacity as Executive Director of the Colorado Department of Corrections,
SUSAN JONES, individually, and in her official capacity as the Warden of the Colorado State Penitentiary,
D. COMBS, whose true name is unknown, individually, and in his official capacity as a hearing committee member,
K. MOORE, whose true name is unknown, individually, and in her official capacity as a hearing committee member, and
J. OLSON, whose true name is unknown, individually, and in his official capacity as hearing committee chairperson,

        Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 0 9 2009

GREGORY C. LANGHAM
CLERK

## ORDER TO DISMISS IN PART AND DENYING MOTIONS

Plaintiffs Nathan Jerard Dunlap, Matthew Fransisco Alfaro, and Ryan Merritt initiated this action by filing *pro se* "Plaintiffs' Motion for Preliminary Injunction," a "Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Injunction," "Plaintiffs' Notice of Associated Cases," "Plaintiffs' Motion Requesting Class Action Certification," and a "Prisoners Complaint." Plaintiff Nathan Jerard Dunlap also filed on his own "Plaintiffs' Motion Requesting an Order in Regards to the Payment of Filing Fee," "Plaintiffs' Motion for Appointment of Counsel," and a "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. Section 1915." Plaintiff Matthew

Fransisco Alfaro filed on his own a "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. Section 1915." In an order filed on May 26, 2009, Magistrate Judge Boyd N. Boland directed the clerk of the Court to commence a civil action and directed Plaintiffs to cure certain deficiencies if they wish to pursue their claims in this action. More specifically, Magistrate Judge Boland ordered Plaintiffs to file the complaint and *in forma pauperis* motions on the proper forms. Magistrate Judge Boland also ordered Plaintiff Ryan Merritt to submit an individual motion seeking leave to proceed *in forma pauperis* together with a certified copy of his inmate trust fund account statement. Plaintiffs were warned that any named Plaintiff who fails to cure the designated deficiencies within thirty days would be dismissed as a party to this action.

On June 17, 2009, Plaintiffs Nathan Jerard Dunlap and Matthew Francisco Alfaro each filed on the proper forms a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff Ryan Merritt has not responded to Magistrate Judge Boland's May 26 order in any way. Therefore, Plaintiff Ryan Merritt will be dismissed as a party to this action for failure to cure the deficiencies.

The Court also will address some of the pending motions in this action. The Court must construe the motions liberally because Plaintiffs are not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for *pro se* litigants. **See Hall**, 935 F.2d at 1110.

2

The Court first will address "Plaintiffs' Motion for Preliminary Injunction." As noted above, Plaintiffs also have filed a "Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Injunction." A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

Plaintiffs are challenging the conditions of their confinement in administrative segregation at the Colorado State Penitentiary. One of the claims Plaintiffs raise is an Eighth Amendment claim in which Plaintiffs allege they are being subjected to cruel and unusual punishment because they have been denied any opportunity for outdoor exercise for an extended period of time. In the motion for a preliminary injunction, Plaintiffs seek an order directing Defendants to provide them with at least one hour of outdoor exercise per day, five times a week.

Plaintiffs fail to demonstrate that they will suffer irreparable injury due to the denial of outdoor exercise if the Court does not enter a preliminary injunction in this action. Therefore, the motion for a preliminary injunction will be denied.

The Court next will address "Plaintiffs' Motion Requesting Class Action Certification." Plaintiffs ask the Court to certify this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because their claims are common to all of the approximately 750 inmates at the Colorado State Penitentiary. The motion for class certification will be denied because Plaintiffs, who are not represented by counsel,

may not represent other *pro se* litigants in federal court, see 28 U.S.C. § 1654, and are not adequate class representatives for a putative class action. See **Fymbo v. State Farm Fire & Cas. Co.**, 213 F.3d 1320, 1321 (10th Cir. 2000). The Court is aware that Plaintiff Nathan Jerard Dunlap also has filed "Plaintiffs' Motion for Appointment of Counsel." That motion will be denied because, at this stage of the proceedings, the request for appointment of counsel is premature. Accordingly, it is

ORDERED that Plaintiff Ryan Merritt is dismissed as a party to this action for failure to cure the deficiencies. It is

FURTHER ORDERED that "Plaintiffs' Motion for Preliminary Injunction" (docket #7) filed on May 26, 2009, is denied. It is

FURTHER ORDERED that "Plaintiffs' Motion Requesting Class Action Certification" (docket #5) filed on May 26, 2009, is denied. It is

FURTHER ORDERED that "Plaintiffs' Motion for Appointment of Counsel" (docket #9) filed on May 26, 2009, is denied as premature.

DATED at Denver, Colorado, this 8 day of July, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01196-BNB

Nathan Jerard Dunlap
Prisoner No. 89148
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215- 0777

Matthew Fransisco Alfaro
Prisoner No. 110191
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215- 0777

Ryan Merritt
Prisoner No. 96531
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215- 0777

    I hereby certify that I have mailed a copy of the **Order** to the above-named individuals on 7/9/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk